United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX JARAUN HOWARD, #01684856, § § *Plaintiff*, § § v. § § LANNETTE LINTHICUM, *et al.*, § § *Defendants*. § | Civil Action No. H-20-2467 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alex Jaraun Howard, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against prison officials and medical providers. He seeks emergency injunctive relief for "effective and adequate" medical treatment, including surgery, and transfer to a unit closer to Hospital Galveston in order to reduce his travel time.

Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DENIES** injunctive relief and **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff states that, for the past two years or so, he has experienced occasional accelerated heart beats with chest pain and dizziness. He was sent to Hospital Galveston on February 20, 2020, where he remained for four days for evaluation and cardiac monitoring. Physicians diagnosed him with heartburn, but plaintiff asserts that the test results were inaccurate because he was at rest the entire time. He insists that he has a cardiac condition.

Plaintiff further reports that prison physicians diagnosed him in 2014 with *condyloma acuminata*, a form of anorectal warts caused by a human papillomavirus, or HPV. He states that physicians and medical providers at four prison units examined and evaluated his condition several times between 2014 and 2018, and tried different treatments without success. He was repeatedly informed that there was no known cure for the condition.

In September 2018, a prison physician suggested defendant try a surgical approach to remove the warts, followed by a chemotherapy cream. Plaintiff states that surgery was initially denied but was subsequently approved in January 2019 following his successful grievances. The secondary treatment with chemotherapy cream, however, was not approved. Plaintiff underwent surgical removal of the warts in January 2019 at Hospital Galveston, but warts began reappearing in March 2020. Plaintiff alleges that a nurse practitioner at the McConnell Unit told him in May 2020 that the chemotherapy creams were too expensive. Plaintiff does not state that he pursued denial of the chemotherapy creams through the grievance system at that time.

Plaintiff requests emergency injunctive relief, ordering prison officials and medical staff to: (1) provide effective and adequate treatment of his cardiac condition; (2) undertake surgical removal of the warts followed by use of chemotherapy creams; (3) "find a way to allow [him] to have bowel movements at a rate that does not disturb the [chemotherapy creams], i.e., temporary colostomy, so the trmts [*sic*] will be able to fully work," and (4)

2

assign him to a prison unit located closer to Hospital Galveston, "within a 2.5 – 3 hour one-way trip – but not at TDCJ Estelle Unit." (Docket Entry No. 1, pp. 13–14.)

Plaintiff states that he has not exhausted his administrative prison grievances. He asks the Court to order the emergency injunction in absence of exhaustion because he is in "imminent danger." *Id.*, p. 7.

## II.   ANALYSIS

### A.   Sections 1915 and 1915A

Because plaintiff is a state inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he proceeds *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

3

B.  Prison Unit Transfer

Plaintiff requests a court order to transfer him to a prison unit within 2.5 to 3 travel hours from Hospital Galveston. At the time he filed this lawsuit on July 14, 2020, plaintiff was housed at the McConnell Unit in Beeville, Texas. Public records for the Texas Department of Criminal Justice indicate that plaintiff is currently assigned to the Jester IV Unit in Richmond, Texas, which reasonably accommodates his requested relief. Injunctive relief as to plaintiff's unit assignment is **DENIED AS MOOT**.

C.  Cardiac Care

Plaintiff claims that prison and medical staff are being deliberately indifferent to his cardiac condition. H requests the Court to order emergency cardiac treatment.

Nothing in the pleadings before this Court indicates that plaintiff suffers from a cardiac condition. Moreover, plaintiff's own factual allegations show that his complaints of occasional accelerated heart beats with chest pain and dizziness were evaluated and tested in February 2020, and diagnosed as heartburn. Plaintiff's disagreements with the results of the cardiac testing and the diagnosis of heartburn are insufficient to raise a viable claim for deliberate indifference to serious medical needs. It is well established that "unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff pleads no factual allegations giving rise to exceptional circumstances.

Plaintiff's factual allegations fail to raise a viable claim for deliberate indifference to serious medical needs as to a purported cardiac condition, and injunctive relief is **DENIED**.

D.   Anorectal Warts

Plaintiff requests that the Court order prison and medical employees to approve and undertake emergency surgical removal of his current anorectal warts, followed by the use of one or more chemotherapy creams. Plaintiff indicates that his prison grievances regarding this complaint have not been exhausted; consequently, prison officials have not officially refused a second surgical procedure followed by chemotherapy creams. The Court declines to consider any need for injunctive relief in absence of a clear showing that the defendants have denied his requests for relief through the prison grievance system.

To the extent plaintiff claims to be in "imminent danger" if surgery and chemotherapy creams are not immediately ordered pending exhaustion, plaintiff's factual allegations evince no such imminent danger. Unquestionably, plaintiff's medical condition is a source of significant discomfort, and the Court intends no disparagement. However, plaintiff pleads no factual allegations supporting his claim that the warts put his "life and health" in imminent danger if injunctive relief is not immediately granted. (Docket Entry No. 1, p. 16.)

Moreover, plaintiff's factual allegations do not raise a viable claim for deliberate indifference to serious medical needs. Medical providers have utilized several treatment modalities in an attempt to alleviate plaintiff's suffering, including topical steroids, anti-HPV acids, suppository steroids, and surgery at Hospital Galveston. (Docket Entry No. 1, pp.

5

10–12.) The treatments were not successful, and plaintiff has been repeatedly informed by his medical providers that his condition has no known cure. As noted above, "unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). No exceptional circumstances are shown.

Plaintiff's own allegations show that he has been provided constitutionally adequate medical care for his warts. The defendants have not "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). That plaintiff has not received the particular type of care he seeks, or that the defendants failed to leave no stone unturned in a search to treat his affliction, does not constitute deliberate indifference. Nor does it rise to the level of an Eighth Amendment violation that plaintiff's medical care providers did not follow the treatment recommendation of another physician regarding the use of topical chemotherapy creams. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *see also Ducksworth v. Macmurdo*, 809 F. App'x 249, 250 (5th Cir. June 12, 2020).

Plaintiff's factual allegations fail to raise a viable claim for deliberate indifference to serious medical needs, and injunctive relief is **DENIED**.

E.   Post-Surgical Care

The Court has declined to grant plaintiff's request for emergency surgery with use of chemotherapy creams. Consequently, his additional request for injunctive relief regarding certain post-surgical care is **DENIED AS MOOT**.

## III.   CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. All pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g). This is plaintiff's third strike, and he is now barred from proceeding *in forma pauperis* pursuant to section 1915(g).[1]

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 6th day of August, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's prior strikes include *Howard v. Eason*, C.A. No. 7:14-CV-117-O (N.D. Tex. March 26, 2020), and *Howard v. Wheeler*, C.A. No. 1:14-CV-00119-C (N.D. Tex. Jan. 11, 2016).